## STATE V. SMITH.

No. 2684.   Decided January 19, 1915 (146 Pac. 286).

1. APPEAL AND ERROR—CRIMINAL LAW—APPEAL—PRESENTING QUESTIONS IN LOWER COURT. Error in a charge in a criminal case cannot be considered where there was no exception and no assignment of error thereto. (Page 382.)

2. HUSBAND AND WIFE—OFFENSES—NONSUPPORT—SUFFICIENCY OF EVIDENCE. Not much evidence is required in a prosecution for nonsupport of a wife and child to sustain a judgment which inflicted no punishment upon defendant, an able-bodied man, and only required him to pay five dollars a week towards the support of his wife and child, to whose support he had contributed only fifteen dollars during the past year. (Page 382.)

Appeal from District Court, Fourth District; *Hon. A. B. Morgan*, Judge.

William J. Smith was convicted of non-support of his wife and child, and he appeals.

AFFIRMED.

*Parker & Robinson*, for appellant.

*A. R. Barnes*, Attorney General, and *E. V. Higgins* and *G. A. Iverson*, Assistant Attorneys General, for the State.

STRAUP, C. J.

The defendant was informed against for an alleged willful desertion of his wife and minor child sixteen months old, and for a willful failure and refusal to support and provide for them, who, as alleged, were "in destitute and necessitous circumstances." The case was tried to the court and a jury. The defendant, in a way, was convicted, and appeals from a judgment which he assumed is founded on the information and the verdict. We have a rather peculiar statute on the subject. Laws 1911, chap. 105. The jury rendered this verdict:

"We find the defendant guilty as charged in the information, with recommendation that the court retain jurisdiction over the defendant in this case."

Upon that, the court pronounced this judgment, and from which the appeal is prosecuted:

"It is ordered that the defendant be held on probation and subject to the orders of this court for one year, and pay to his wife, Marie Smith, the sum of five dollars per week to commence May 1, 1914. (The judgment was rendered in April, 1914.) Defendant to sign a bond in the sum of $500 for the faithful performance of this order, which order is subject to modification by this court, and the defendant remain and be subject to the further order of this court."

The validity and regularity of all this is assumed; at least neither, in any particular, is questioned. We thus pass it.

So it would require hard struggling to defend and support portions of the charge, both as to substance and consistency. (Paragraphs 4 and 5.) But there is no exception, no assignment, and no claim made as to this, nor to any portion of the charge. We thus also leave that.

The only claim made is that of insufficiency of the evidence to support the verdict and judgment. There is no evidence to support the charge in the information as to desertion. But that was abandoned by the district attorney at the threshold of the trial, who then announced that he relied alone upon the charge as to the defendant's wilful failure and refusal to support and provide for his wife

and child. And the case was submitted alone upon that portion of the charge so elected by the district attorney. The question of sufficiency of the evidence to support the allegations of the information even as to that is, let it be said, doubtful. But, weak as it is, we think it sufficient to support the judgment. It ought not to require much evidence to support a judgment which does not punish the defendant for any found past delinquency, but only requires him, an ablebodied man thirty years of age, to pay in the future five dollars a week to his wife and child, for their support and maintenance, and who, for the period alleged in the information, more than a year, had, as shown by the evidence, contributed but fifteen dollars towards their support.

Let the judgment be affirmed.

FRICK and McCARTY, JJ., concur.